IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
September 3, 2002 Session

## SHELLEY SACKETT v. HAL ROSEMAN

**Appeal from the Circuit Court for Davidson County**
**No. 98D-1984     Muriel Robinson, Judge**

---

**No. M2002-00587-COA-R9-CV - July 2, 2003**

---

This interlocutory appeal was brought to determine whether the trial court properly exercised subject matter jurisdiction pursuant to the Uniform Child Custody Joint Enforcement Act (UCCJEA).

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

WILLIAM B. CAIN, J., delivered the opinion of the court, in which BEN H. CANTRELL, P.J., M.S. and J. S. DANIEL, SP. J., joined.

Larry Hayes, Jr., Nashville, Tennessee, for the appellant, Shelley Sackett.

Gregory D. Smith, Nashville, Tennessee, for the appellee, Hal Roseman.

### OPINION

The primary custodial parent, mother and the three minor children are non-residents of Tennessee. The father is the only Tennessee resident. The parties were divorced in Wyoming in 1994. Subsequent to the divorce, the district court in Wyoming entered an order modifying child support and recognizing the establishment of a trust account in the name of the parties' children. From that order, father appealed to the Wyoming Appellate Court.

On June 30, 1998, the appellant, mother, Shelley Ann Sackett, filed a petition in the Fourth Circuit Court of Davidson County, Tennessee, seeking to register and modify the child support order of the Wyoming court pursuant to the Uniform Interstate Family Support Act (UIFSA). The appellee, father, Hal M. Roseman, objected to the petition, noting the appellate status of the order in Wyoming. Eventually the parties reached an agreed order on January 29, 1999, in which the parties agreed that the Tennessee trial court had jurisdiction and venue over the action to modify child support. Of specific interest in this appeal is paragraph four of the agreed order, which provides, in part:

It is the intent of the Parties that this Order modifies the prior orders of the Wyoming court regarding Dr. Roseman's support obligations for his children; provided, however, that this Order has absolutely no effect on the visitation and custody orders entered by the Wyoming court. The parties further agree that this Court shall have continuing, exclusive jurisdiction over issues regarding child support consistent with the Uniform Interstate Family Support Act.

It is undisputed that immediately subsequent to this agreed order the father failed to establish the trust account as ordered by the court. The mother filed a petition for contempt on October 25, 1999. As an appendix to that petition, the mother attached the opinion of the Supreme Court of the state of Wyoming affirming the order of the Wyoming trial court with respect to support. An agreed order on the petition was entered on March 20, 2000 wherein Dr. Roseman agreed to fund two accounts for the parties' two older children with principle balances of $15,000 each for college expenses.

The mother moved with the three minor children of the marriage from Wyoming to Colorado in 1998. There they resided until July 9, 2001, at which time the mother and children began to relocate to Massachusetts.

On July 17, 2001, the father filed a "Petition to Assume Jurisdiction, Modify Visitation and Other Relief." In that petition it was alleged that Ms. Sackett had relocated to the Commonwealth of Massachusetts with the children and, at that time, residence had not been established for the children pursuant to the UCCJEA. In response to the petition, the mother denied the father's allegations with regard to subject matter jurisdiction and further alleged that "Tennessee is an inconvenient forum and the minor children have absolutely no connection to this state."

On November 21, 2001, father filed a motion for partial summary judgment asserting that the trial court actually had jurisdiction under the act. The mother responded, asserting that the court lacked jurisdiction and seeking dismissal of the cause due to lack of subject matter jurisdiction and inconvenient forum. In support of her motion, the mother argued that no proof existed in the record before the trial court indicating the children had sufficient contacts with Tennessee to support an action under UCCJEA.

On February 27, 2002, the trial court granted the father's motion for summary judgment finding that it had jurisdiction over the matter and granting the mother permission to seek an interlocutory appeal of the grant of summary judgment.

Mother's application for an interlocutory appeal was filed with the clerk of this Court on March 14, 2002. On March 21, 2002, the parties entered into a stipulation which was filed in the Probate and Family Court of the commonwealth of Massachusetts and incorporated into the judgment of that court for petition of enforcement of foreign judgments on April 10, 2002. Also, on April 10, 2002, this Court granted the mother's application for permission to appeal to consider the propriety of the summary judgment grant.

The question that the mother's application placed before this Court was whether at the time of the petition a trial court in Tennessee had proper subject matter jurisdiction to consider issues of custody and visitation. It is apparent, from the record in this cause that both parties did everything within their power to explore the proper remedies available to them under the Uniform Child Custody Joint Enforcement Act. Under the circumstances as borne out by the record, it was clear at the time of the filing of the petition that the mother and children were not residents of Wyoming. Wyoming, pursuant to the UCCJEA, was the first choice for jurisdiction over custody and visitation matters. Unfortunately, at the time of the filing of the petition in the Fourth Circuit, Wyoming had the least significant contacts with all of the parties involved. It also appears from the record that at the time of the filing of the petition the father had been a resident of Tennessee since June of 1998. Periodic visitation had been exercised by the father in Tennessee, and would be so exercised for the foreseeable future.

Appellant urges, *inter alia*, that Colorado would be the location for all of the children's medical records in that they were residents of that state along with the mother for a lengthy period of time. Colorado revised statutes, section 14-13-201, are substantially similar to our portion of the Uniform Child Custody Jurisdiction and Enforcement Act. That statute provides:

> (1) Except as otherwise provided in section 14-13-204, a court of this state has jurisdiction to make an initial child-custody determination only if: (a) this state is the home state of the child on the date of the commencement of the proceeding, or was the home state of the child within six months before the commencement of the proceeding and the child is absent from the state but a parent or person acting as a parent continues to live in this state;

C.R.S. 14-13-201 (2002).

Tennessee's version of the UCCJEA provides that a Tennessee Court may not modify a custody order unless it has jurisdiction according to section 36-6-216. That statute provides:

> Except as otherwise provided in § 36-6-219, a court of this state has jurisdiction to make an initial child custody determination only if:
> (1) This state is the home state of the child on the date of the commencement of the proceeding, or was the home state of the child within six (6) months before the commencement of the proceeding and the child is absent from this state but a parent or person acting as a parent continues to live in this state;
> (2) A court of another state does not have jurisdiction under subdivision (a)(1), or a court of the home state of the child has declined to exercise jurisdiction on the ground that this state is the more appropriate forum under § 36-6-221 or § 36-6-222, and:
> > (A) The child and the child's parents, or the child and at least one (1) parent or a person acting as a parent, have a significant connection with this state other than mere physical presence; and

(B) Substantial evidence is available in this state concerning the child's care, protection, training, and personal relationships;

(3) All courts having jurisdiction under subdivision (a)(2) or (2) have declined to exercise the jurisdiction on the ground that a court of this state is the more appropriate forum to determine the custody of the child under § 36-6-221 or § 36-6-222; or

(4) No court of any other state would have jurisdiction under the criteria specified in subdivision (a)(1), (2), or (3).

(b) Subsection (a) is the exclusive jurisdictional basis for making a child-custody determination by a court of this state.

(c) Physical presence of, or personal jurisdiction over, a party or a child is not necessary or sufficient to make a child-custody determination.

*1999 Pub.Acts, c. 389, § 17, eff. June 14, 1999.*

At the time of the filing of the petition there was no other court which had home state jurisdiction. The trial court based its exercise of jurisdiction upon the fact that Father was a resident of Tennessee, and over the eight year period prior to the filing of the petition, Father had exercised his visitation right within the State of Tennessee.

It is important to note that the determination of jurisdiction occurs at the commencement of the proceeding, i.e., the filing of the petition for the custody determination. *See Brown v. Brown*, 847 S.W.2d 496, 507 (Tenn. 1993); *Wilson v. Wilson*, 58 S.W.3d 718, 728 (Tenn. Ct. App. 2001). When applying the language of Tennessee Code Annotated 36-6-216(2) to the facts as they existed at the time of the filing of the petition neither Wyoming nor Colorado had jurisdiction under subdivision (a)(1). In addition, the children and the father had a significant connection with this state. The father is a resident, and the children repeatedly visit that resident in this state. The children frequented this state in visitation with the father. As a result there is substantial evidence available in Tennessee concerning the children's care and protection, training and personal relationships by virtue of their continued visitation with the father and visitation in this state.

Most compelling in the assessment of the exercise of jurisdiction of the trial court is Tennessee Code Annotated 36-6-216(4). Under the facts as established in the record, "no court of any other state would have jurisdiction under the criteria specified . . . " 36-6-216. As a result this Court finds no error in the trial court's finding of subject matter jurisdiction.

The mother and children had departed Colorado at the time father's petition was filed. Under the portion of the statute cited, neither the children nor the mother were residents of Colorado. They were establishing new domicile and new residence in Massachusetts. That domicile and that residence had not been held for the requisite six month period pursuant to either the Colorado statutes or the Tennessee statutes. Therefore, under the plain language of the Tennessee statute, Davidson County Circuit Court properly had subject matter jurisdiction at the time father's petition

was filed.[1] Costs on appeal are taxed to the parties equally. This cause is remanded to the trial court for proceedings consistent with the findings of this Court and with the stipulation as referenced in the record.

_____
WILLIAM B. CAIN, JUDGE

---

[1] Since the granting of this interlocutory appeal the parties have, by stipulation, agreed that for the purposes of the UCCJEA six months having elapsed since the children became residents thereof, Massachusetts is the appropriate jurisdiction and forum for custody and visitation proceedings. Since this order was entered simultaneously to the grant of the parties Rule 9 application, the lower court nonetheless had proper subject matter jurisdiction at the time the petition was filed.